UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CONSUELO ANGELA YSAIS,

        Plaintiff,

vs.                                            Civ. No. 08-00448 MV/RHS

CHRISTOPHER YSAIS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. On May 5, 2008, Defendant Christopher Ysais sought to remove his divorce proceeding from state court to federal court on the grounds that he is not receiving a fair hearing in state court. A civil action brought in state court may be removed to federal court if the federal court would have had original jurisdiction to entertain the action. 28 U.S.C. § 1441(a). Therefore, a defendant may only remove a case where there is jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. It does not appear that there is diversity jurisdiction pursuant to § 1332, and Defendant does not list § 1332 among his extensive list of statutes that purportedly confer jurisdiction over this case. Consequently, there must be "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 in order for the case to be removable.

"[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Beneficial National Bank, et al. v. Anderson, et al.*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A] defense that relies on

... the pre-emptive effect of a federal statute ... will not provide a basis for removal. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial National Bank*, 539 U.S. at 6.

There are two main situations (other than through supplemental jurisdiction) in which a defendant can remove a state law claim to federal court: "when Congress expressly so provides, such as in the Price-Anderson Act ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id*. at 8.  Here, the Complaint does not state a federal claim.  Rather, it concerns the domestic relations between two New Mexico citizens. Furthermore, Defendant has cited to no federal provision expressly granting jurisdiction and has cited to no federal law which would completely preempt the claims set forth in the Complaint.

Defendant attempts to invoke the Court's jurisdiction by claiming he is being denied his civil rights in the pending divorce proceeding. *See* 28 U.S.C. § 1443.  To remove under 28 U.S.C. § 1443(1), it must appear that (1) the right allegedly denied arises under federal law providing for specific civil rights stated in terms of racial equality and (2) the remover is denied or cannot enforce the specified federal rights in the courts of the state. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ( section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights).  Defendant has failed to establish jurisdiction under § 1443(1).  First, Defendant alleges no racial discrimination. Second, Defendant cannot claim that he has been denied or cannot enforce his rights in the state court because the action is still pending.

Defendant also makes arguments with respect to 28 U.S.C. § 1331, citing to numerous sources of federal statutory and constitutional law.  These causes of action are not contained in the Complaint filed in state court by the plaintiff and may not be asserted here by Defendant

through a removal action as opposed to the filing of a separate case.

The Court also notes that the "domestic relations exception" to diversity jurisdiction would seem to preclude the defendant from removing the case even if he could demonstrate diversity of citizenship. As explained by the Supreme Court in *Ankenbrandt v. Richards and Kesler*:

> Although *In re Burrus* technically did not involve a construction of the diversity statute, as we understand *Barber* to have done, its statement that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," *id.*, at 593-594, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction.... We conclude, therefore, that the domestic relations exception, as articulated by the Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.

*Ankenbrandt v. Richards and Kesler*, 504 U.S. 687, 703 (1992).

For the reasons discussed above, the Court does not have jurisdiction over this case and it must be remanded to state court.  *See* Fed. R. Civ. P. 12(h) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir. 1996) (" 'a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* ' by the court") (citation omitted).

**IT IS THEREFORE ORDERED** that this matter be summarily remanded to the Thirteenth Judicial District Court.

Dated this 28th day of August, 2008.

_____
**MARTHA VAZQUEZ**
**U. S. DISTRICT COURT JUDGE**